## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

ADAM LOWTHER and JESSICA LOWTHER
on behalf of themselves and as next friends
to their minor children, W.L and A.L.,

      Plaintiffs,

vs.                                     Case No. 1:18-cv-00868-KWR-JFR

CHILDREN YOUTH AND FAMILIES DEPARTMENT,
BERNALILLO COUNTY SHERIFF'S DEPARTMENT,
MARIA MORALES, in her personal capacity acting under
color of state law, JACOB WOOTTON, in his personal
capacity acting under color of state law, CATHERINE SMALLS,
in her personal capacity acting under color of state law,
BRIAN THORNTON, in his personal capacity acting under color
of state law, and MARTIN LOZANO, in his personal capacity
acting under color of state law,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court upon Defendants CYFD, Maria Morales, and

Andrea Miles' (CYFD Defendants) Motion for Reconsideration, filed on November 23, 2020.

**Doc. 221**.  Having reviewed the parties' pleadings and the applicable law, the Court finds that

Defendants' motion is **NOT WELL-TAKEN** and, therefore, is **DENIED.**

## BACKGROUND

This case arises from an investigation of alleged child abuse at Plaintiffs' home.  Plaintiffs

claim that Defendants violated their Fourth and Fourteenth Amendment rights by unlawfully

removing the Lowther children, A.L. and W.L., on August 30, 2017 during a child welfare check and again on September 6, 2017.[1]

Plaintiffs filed this case under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act, alleging the following claims against the Defendants[2]:

Count I:  Fourth Amendment (Unlawful Seizure and Arrest of Dr. Lowther) (Defendants Wootton, Small, Thornton, and Lozano);

Count II:  Fourth Amendment (in the alternative to Count I) (Unlawful Detention of Dr. Lowther) (Defendants Wootton, Small, Thornton, and Lozano);

Count III:  Fourth Amendment (Unlawful Detention of Mrs. Lowther) (Defendants Wootton, Small, Thornton, and Lozano);

Count IV:  Fourth Amendment (Unlawful Entry into the Lowther Home) (Defendants CYFD, Morales, Wootton, Small, Thornton, and Lozano);

Count V: Fourth and Fourteenth Amendments (Illegal Seizure of the Lowther Children) (Defendants CYFD, Morales, and Wootton);

Count VI:  Fourth and Fourteenth Amendments (Illegal Seizure of the Lowther Children) (Defendants CYFD, Morales, and Miles);

Count VII: Fourth and Fourteenth Amendments (Illegal Arrest, Entry, and Seizures) (Defendant BSCO);

Count VIII: Fourth and Fourteenth Amendments (Illegal Seizure of the Lowther Children) (Defendant CYFD);

Count IX: First Amendment (Retaliation against Mrs. Lowther) (Defendant Wootton);

Count X: NMTCA (False Arrest and Imprisonment of Dr. Lowther) (Defendant BSCO);

Count XI: NMTCA (False Arrest and Imprisonment of Mrs. Lowther) (Defendant BSCO);

Count XII: NMTCA (False Arrest and Imprisonment of the Lowther children) (Defendant BSCO);

Count XIII: NMTCA (Defamation of Dr. Lowther) (Defendant BSCO).

---

[1] The instant motion relates to the second removal of the Lowther children on September 6, 2017. The facts relevant to that removal have been extensively detailed in the Court's prior Memorandum Order and Opinion. **Doc. 214.** Accordingly, the Court does not repeat them again here.
[2] The following reflects the claims as provided in Plaintiffs' Amended Complaint, Doc. 166, filed April 22, 2020.

CYFD and Maria Morales filed a motion for summary judgment based on qualified immunity on November 19, 2019. **Doc. 106.** The Court granted in part and deferred in part Defendants' motion. **Doc. 214.** The Court concluded that CYFD and Morales had reasonably articulable evidence that A.L. and W.L. had been abused or were in imminent danger of abuse justifying removal on August 30, 2017 and that Defendants were therefore entitled to qualified immunity under Count V. The Court granted Plaintiffs 56(d) motion for limited discovery with respect to the second removal of the Lowther children on September 6, 2017 (Count VI), finding that it would benefit from additional information before ruling on that part of the motion.

Specifically, the Court stated the following:

…[V]iewing the facts in the light most favorable to Plaintiffs: Mrs. Lowther was not present at the hearing when Mr. Borg [the maternal grandfather] angrily expressed his opinion that the allegations against his son in law were without merit; Mrs. Lowther was not provided with an opportunity to discuss the situation or CYFD's concerns afterwards, before the children were removed; there had been no allegations that Mrs. Lowther or the Borgs violated the safety plan in the days prior to the removal; Mrs. Lowther had not refused, as CYFD alleged, to identify other prospective friends or family members willing to serve as alternative safety monitors; and Mrs. Lowther had previously included local family friends Jeff Williams and Aimee Rivera on her family tree during the family-centered-meeting on September 1, 2017, who may have been used as alternate safety monitors.

**Doc. 214 at 50.**

In deferring its decision, the Court noted:

Even if Mr. Borg did not believe the allegations it does not necessarily follow as a matter of course that he, Mrs. Borg [the maternal grandmother] or Mrs. Lowther would not adhere to the requirements presented by CYFD as a safety monitor. Based upon the record as provided, which does not include details regarding the scope of CYFD's discussion during its meeting on September 6, 2017 prior to deciding to remove the children; what, if any, alternative, preventive efforts were considered; or the extent of Wootton's involvement in the determination to remove the children, the Court feels that it lacks sufficient evidence to render a qualified immunity determination.

*Id*. **at 50-51.**

CYFD Defendants now move under Fed. R. Civ. P. 59(e) for the Court to reconsider its deferral of their motion for summary judgment on Count VI.

## LEGAL STANDARD

A district court may reconsider interlocutory orders. *Warren v. American Bankers Insurance of Florida*, 507 F.3d 1239, 1243 (10th Cir. 2007) ("[A] district court always has the inherent power to reconsider its interlocutory rulings" and the Tenth Circuit "encourage[s] a court to do so where error is apparent.").  "[D]istrict courts generally remain free to reconsider their earlier interlocutory orders." *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007).

Although a district court has broad discretion to reconsider an interlocutory order, many district courts within the Tenth Circuit have applied the *Servants of the Paracletes* standard when analyzing motions to reconsider interlocutory orders.  *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, No. 06-CV-00037-PAB-CBS, 2010 WL 420046, at *3 (D. Colo. Feb. 1, 2010), *aff'd,* 633 F.3d 951 (10th Cir. 2011).  The Court notes that Defendants applied the standard articulated in *Servants of Paraclete v. Does*, 204 F.3d at 1012.  Therefore, the Court will do the same.

That standard provides that reconsideration should be based on the following grounds: (1) if a manifest error of law or fact has been committed by the court; (2) if new evidence has been discovered; and (3) if there has been an intervening change in controlling law. *Servants of the Paraclete, Inc. v. Great American Ins.*, 866 F.Supp. 1560, 1581 (D.N.M. 1994); *Rodriguez*, 89 Fed.Appx. at 959. The decision whether to grant a motion to reconsider is committed to the sound discretion of the court. *Thompson v. City of Lawrence*, 58 F.3d 1511, 1514-15 (10th Cir. 1995). However, the Court will generally not grant parties a second bite at the apple.  Reconsideration of an order in federal court is inappropriate to reargue an issue or advance new arguments or

4

supporting facts which were available at the time of the original motion. *Servants of Paraclete v. Does*, 204 F.3d at 1012.

## DISCUSSION

CYFD Defendants argue that the Court should reconsider its deferral of summary judgment on the purportedly illegal, second seizure of the Lowther Children on September 6, 2017 (Count VI) because it "misapplied controlling law to the facts surrounding the second 48-hour hold of the Lowther children on September 6, 2017." **Doc. 221 at 4.** They further assert that the motion is based on the grounds that there is a need to "correct clear error or prevent manifest injustice." **Doc. 229 at 6.** For the reasons stated below, the Court disagrees.

### I.      None of the Grounds for Reconsideration are Applicable.

CYFD Defendants argue that the Court erred in its deferral of summary judgment on Count VI because CYFD Defendants had reasonable suspicion of an immediate threat to the Lowther children's "physical and emotional safety" justifying their removal for a second 48-hour hold on September 6, 2017. **Doc. 221 at 6.**

#### A.      CYFD Defendants' Motion Improperly Relies on Disputed or Previously Addressed Facts and a New Affidavit.

CYFD Defendants arguments rest upon a series of twelve facts arranged as if in a motion for summary judgment, several of which are disputed by Plaintiffs, and a newly supplied affidavit of Ms. Miles, the In-Home Service Clinician for the Lowther family. **Doc. 221 at 2-4.** Setting aside that this is not a motion for summary judgment, the Court has already extensively reviewed the undisputed facts of the case and finds nothing new herein that would sway the Court from its decision to defer the motion as to Count VI.

Noting that the Court was concerned with NMSA 1978 § 32A-4-7 (D)'s provisions to make reasonable efforts to avoid the need to remove the children from their home,[3] CYFD Defendants now proffer Ms. Miles' affidavit, testifying as to her role as the In-Home Service clinician to the Lowthers. **Doc. 221-1 Ex. A.** They assert that Ms. Miles is not providing new facts or a "new argument," rather, she is expanding upon information already provided in the motion for summary judgment. **Doc. 229 at 7.** Within the affidavit Ms. Miles details, among other things, her initial meeting with Mrs. Lowther, the Borgs, and other CYFD employees to discuss the Borgs' roles as safety monitors, as well as her interaction with Mr. Borg at Mr. Lowther's Preventative Detention Hearing where he purportedly angrily approached her demanding she "fix this" and protested against the State as lacking any evidence against his son in law. **Doc. 221-1 Ex. A.** She attests that his behavior was a "red flag," and that it caused her to doubt his ability to ensure  the safety of the Lowther children. ***Id.*, ¶¶ 11-13.** Her affidavit provides that after she raised her concerns with her supervisor, Ms. Morales and Morales' immediate supervisor Yvonne Meade, Morales and Meade decided to place the children on a second 48-hour hold.  ***Id.*, ¶¶ 14-15.** She further states that in the subsequent meeting with Mrs. Lowther, who was asked whether she has alternate individuals who could serve as safety monitors, Mrs. Lowther mentioned a possible neighbor but then said "no, we're not doing this," and that In-Home Services were therefore no longer necessary as Mrs. Lowther failed to identify another potential safety monitors. ***Id.*, ¶¶ 16-17.**

<u>The Court will Not Consider Information Previously Available to CYFD Defendants</u>

---

[3] NMSA 1978 § 32A-4-7 (D) states: "Reasonable efforts shall be made to prevent or eliminate the need for removing the child from the child's home, with the paramount concern being the child's health and safety. In all cases when a child is taken into custody, the child shall be released to the child's parent, guardian or custodian, unless the department files a petition within two days from the date that the child was taken into custody." While the Court emphasized "Reasonable efforts shall be made to prevent or eliminate the need for removing the child from the child's home…" in its prior Memorandum (**Doc. 214**),  in the instant motion CYFD Defendants emphasize in bold the latter part of the sentence, "with the paramount concern being the child's health and safety." **Doc. 221 at 6.**

The Court agrees with Plaintiffs that CYFD Defendants' affidavit is untimely and does not fall within the parameters for reconsideration. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice….Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.").

CYFD Defendants included Ms. Miles' detailed case notes in their prior briefing on the motion for summary judgment. **Doc. 106-1 Ex. Y at CYFD 1775.** Those case notes as well as the narratives supplied by Morales and other CYFD employees include conflicting or different information. For instance, in Ms. Miles' case notes, which were attached as an exhibit in CYFD Defendants' motion for summary judgment, describe the same meeting with Mrs. Lowther on September 6th as discussed in her newly supplied affidavit and reported that when Ms. Yoder asked Detective Wootton, who was present at the meeting, whether he had anything he wished to discuss with Mrs. Lowther, it was then that Mrs. Lowther said, "I don't wish to speak to Detective Wootton, that is not going to happen." **Doc. 106-1 Ex. Y at CYFD 1776.** The report then states that the meeting was concluded and Mrs. Lowther was shown to the exit. *Id.* Her report says nothing about whether CYFD inquired about suitable alternative safety monitors. Likewise, Ms. Yoder's case notes are silent on this matter. *Id.* **at CYFD 1774.** The Court rejects CYFD's

arguments that it should accept Ms. Miles' affidavit due to "extenuating circumstances" and that there is no inconsistency between her prior case notes and her current affidavit. **Doc. 229 at 7-8.**[4]

The Court may consider all undisputed facts in the briefing, therefore CYFD Defendants should have alerted the Court to additional information and affidavits at the time of the initial motion.  *See, e.g.,* Fed. R. Civ. P. 56(c)(3) ("The court need only consider the cited materials, but it may consider other materials in the record").  This is especially true where the information cited to in the motion to reconsider was readily available to the party at that time. The Court concludes that CYFD Defendants have not convincingly explained why the information within Ms. Miles' affidavit was not available prior to the instant motion to reconsider. Accordingly, the Court rejects CYFD Defendants' efforts to include it now. The inconsistencies between the affidavit and CYFD Defendants' case notes further support the Court's conclusion to defer its decision until additional discovery is complete.

### B.    CYFD Defendants have not resolved the Court's Questions

In its Memorandum and Opinion Order deferring its decision as to Count VI, the Court highlighted some of the issues it felt warranted further discovery. Specifically, the Court found that even if Mr. Borg did not believe the allegations it did not necessarily follow that he, Mrs. Borg, or Mrs. Lowther would not adhere to the safety plan requirements. **Doc. 214 at 50-51.** The Court also stated that the record "does not include details regarding the scope of CYFD's discussion during its meeting on September 6, 2017 prior to deciding to remove the children; what, if any, alternative, preventive efforts were considered; or the extent of Wootton's involvement in the determination to remove the children." *Id***. at 51.**

---

[4] CYFD Defendants state that Ms. Miles "does not recall why that particular detail of asking Jessica Lowther to name another potential safety monitor on September 6 is not in her [case notes], but she distinctly remembers the conversation that took place..." **Doc. 229 at 8.**

CYFD Defendants argue that these questions are "misplaced" because it did make reasonable efforts to find alternate safety monitors but that Mrs. Lowther failed to identify any. **Doc. 221 at 7.** In response, Plaintiffs proffer a "Third Declaration" of Mrs. Lowther contesting the veracity of Ms. Miles' affidavit. **Doc. 224-1 Ex. A.** [5] Thus, the Court finds that the scope and nature of the September 6th meeting and the ensuing decision to remove the Lowther children remains unclear and is highly disputed. The Court is not satisfied with CYFD Defendants' Amended Reply in Support of the Motion for Reconsideration purporting to answer the Court's questions from its prior decision. **Doc. 229 at 8-12.**

The parties are welcome to supplement their evidence through discovery, as directed by the Court, after which the Court will render a decision with the benefit of a more complete record. Contrary to CYFD Defendants' arguments, the Court sees no "manifest injustice" in permitting additional discovery prior to making a final determination.

## CONCLUSION

For the foregoing reasons, the Court's order deferring summary judgment on Count VI was not clearly erroneous or manifestly unjust. Therefore, the Court declines to reconsider its deferral of summary judgment.

**IT IS THEREFORE ORDERED** that CYFD Defendants' Motion to Reconsider (**Doc. 221**) is **DENIED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**

---

[5] Plaintiffs also attached affidavits of Ms. Borg and Ms. Theresa Duncan, Mrs. Lowther's counsel in the relevant Children's Court cases, detailing the circumstances surrounding the second removal of the Lowther children. CYFD Defendants argue that all three of Plaintiffs' affidavits are deficient for various reasons. The Court finds it unnecessary to discuss the merits of CYFD's arguments but notes generally that the conflicting testimony further supports the Court's deferral on Count VI pending additional discovery.