# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ADAM LOWTHER and JESSICA LOWTHER,
on behalf of themselves and as next friends to
their minor children, W.L. and A.L.,

    Plaintiffs,

v.                                                                                     No. 1:18-cv-00868-MIS-JFR

CHILDREN YOUTH AND FAMILIES
DEPARTMENT, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING
## COUNTY DEFENDANTS' MOTION TO DISMISS COUNT XIII (ECF No. 315)

    THIS MATTER is before the Court on the County Defendants' Motion to Decline Supplemental Jurisdiction, Dismiss Count XIII and Enter Final Judgment ("Motion"). ECF No. 315. In the Motion, Defendants seek dismissal of the sole remaining claim in Plaintiffs' First Amended Complaint, namely Count XIII, which alleges defamation committed by the Bernalillo County Sheriff's Office against Dr. Adam Lowther.

    Plaintiffs did not file a response to the Motion within the time period set forth under the Local Rules. *See* D.N.M. LR-Civ. 7.4(a). On March 27, 2023, the Court entered an Order to Show Cause, providing Plaintiffs an opportunity to show cause in writing as to why the Court should not grant the Motion due to Plaintiffs' failure to respond. *See* ECF No. 317; D.N.M. LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). In the Order to Show Cause, the Court required Plaintiffs to address, among

other things, "the specific factors for seeking a motion for extension of time after the response deadline has expired." *Id.* Plaintiffs did not respond to the Order to Show Cause.

On April 6, 2023, Plaintiffs filed an untimely response to the Motion, stating simply that "Plaintiffs do not oppose [the Motion] provided that the dismissal [of Count XIII] is without prejudice." ECF No. 318 at 1. Therefore, the Court will grant the Motion based on Plaintiffs' consent.

Additionally, because all federal claims were previously disposed of, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claim.[1] A district court may decline to exercise supplemental jurisdiction over pendent state claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "If federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" *Bauchman v. West High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997). Nevertheless, the district court has discretion to retain its jurisdiction over state law claims and should consider "the values of judicial economy, convenience, fairness, and comity" in determining whether to do so. *Henderson v. AMTRAK*, 412 F. App'x 74, 79 (10th Cir. 2011) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Having considered these factors, the Court determines that they weigh in favor of adjudication by a state court. Therefore, the Court declines to exercise supplemental jurisdiction over any remaining claims and dismisses these claims without prejudice. *See* 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district

---

[1] This case was brought under the Court's federal question jurisdiction, not based on diversity of citizenship. *See* ECF No. 1 at 3, ¶ 13; ECF No. 1-1 at 1; ECF No. 166 at 3, ¶ 14.

court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

**IT IS THEREFORE ORDERED** that County Defendants' Motion to Decline Supplemental Jurisdiction, Dismiss Count XIII and Enter Final Judgment, ECF No. 315, filed on March 9, 2023, is **GRANTED**.

**IT IS FURTHER ORDERED** that Count XIII of Plaintiffs' First Amended Complaint, ECF No. 166, is hereby **DISMISSED WITHOUT PREJUDICE**.

Because there are no claims remaining, the Court will enter a separate final judgment disposing of this case (18-cv-868 only).[2]

**IT IS SO ORDERED.**

*Margaret Strickland*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[2] This case ("*Lowther I*," 18-cv-868) has been consolidated with a newer case, *Lowther v. Wootton*, ("*Lowther II*," 19-cv-1205), for discovery purposes only. ECF No. 276. The two cases have not yet been consolidated for any purpose other than discovery, and therefore the Court determines that the claims in each respective case have not been consolidated for purposes of entry of final judgment. *Cf. Trinity Broad. Corp. v. Eller*, 827 F.2d 673, 675 (10th Cir. 1987) ("We . . . adopt the rule that a judgment in a consolidated action that does not dispose of all claims shall not operate as a final, appealable judgment under 28 U.S.C. § 1291. To obtain review of one part of a consolidated action, appellant must obtain certification under Fed. R. Civ. P. 54(b). In this circuit, Rule 54(b) certification must precede filing of the notice of appeal."). However, to the extent necessary (and only to such extent), the Court hereby expressly determines that under Federal Rule of Civil Procedure 54(b), there is no just reason for delay of adjudication of the present (*Lowther I*) case while *Lowther II* remains pending. This includes, but is not limited to, the fact that *Lowther II* involves separately filed state law claims on which little or no progress has been made, other than discovery, since the filing of the First Amended Complaint in that case.